**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| LORI D. JONES,                                                    ) | |
|                                                                   ) | |
|                   Plaintiff,                                      ) | |
|          vs.                                                      ) | |
|                                                                   ) | |
| WILLIS SHAW EXPRESS, INC.; BARRY HAWGOOD;                         ) | |
| EXXON MOBIL CORPORATION; TRAILMOBILE PARTS &                      ) | |
| SERVICE CORPORATION; and COMCAR INDUSTRIES,                       ) | |
| INC.,                                                             ) | |
|                                                                   ) | |
|                   Defendants,                                     ) | |
| ——————————————————————————                                        )          8:04CV271 |
|                                                                   ) | |
| WILLIS SHAW EXPRESS and BARRY HAWGOOD,                            )          ORDER |
|                                                                   ) | |
|                   Third-Party Plaintiffs,                         ) | |
|          vs.                                                      ) | |
|                                                                   ) | |
| EXXON MOBIL CORPORATION; CONSOLIDATED                             ) | |
| METCO, INC.; and TRAILMOBILE PARTS & SERVICE                      ) | |
| CORPORATION,                                                      ) | |
|                                                                   ) | |
|                   Third-Party Defendants,                         ) | |
| ——————————————————————————                                        ) | |
|                                                                   ) | |
| TRAILMOBILE PARTS & SERVICE CORPORATION,                          ) | |
|                                                                   ) | |
|                   Third-Party Plaintiff,                          ) | |
|          vs.                                                      ) | |
|                                                                   ) | |
| COMCAR INDUSTRIES, INC., a Florida Corporation,                   ) | |
|                                                                   ) | |
|                   Third-Party Defendant.                          ) | |
| ——————————————————————————                                        ) | |

        Pursuant to the court's February 28, 2006 order, plaintiff filed a Third Amended
Complaint adding a request for punitive damages against defendants Comcar Industries,
Inc. and Willis Shaw Express (together, the Comcar Defendants").   The Comcar
Defendants responded to the Third Amended Complaint by filing a motion to dismiss the
new claims for punitive damages pursuant to Fed. Civ. P. 12(b)(6).  That motion is
pending before Judge Bataillon.

Now pending before the magistrate judge is the plaintiff's motion (#144) to amend the progression order and reopen discovery on the issue of punitive damages. The Comcar Defendants believe that any such discovery should be deferred pending Judge Bataillon's ruling on their Rule 12(b)(6) motion.

For the reasons stated in the February 28, 2006 Order (#141), I believe that the plaintiff should be allowed to pursue her claims for punitive damages and it will be necessary for the parties to conduct discovery to that effect. For purposes of maintaining the scheduled trial date, I believe the best course would be to reopen discovery at this time.

I have reviewed the plaintiff's request and find that the proposed scope of discovery is generally reasonable. That said, the plaintiff will not be allowed to serve requests that are unduly burdensome.

I also agree with the defendants that new deadlines for the disclosure and deposition of expert witnesses, motions for summary judgment, and motions in limine will need to be established with respect to the claims for punitive damages.

**IT IS ORDERED** that plaintiff's motion (#144) is granted, as follows:

1.     The parties are given leave to conduct written discovery on the issue of punitive damages as to defendants Comcar Industries and Willis Shaw Express. The discovery requests shall be served on or before **April 6, 2006.**

2.     Plaintiff may conduct Rule 30(b)(6) depositions of the Comcar Defendants limited to the issue of punitive damages. Plaintiff may also depose Comcar'S President Mark Bostick, CFO Robert Fox, and COO Tom Hindle, and Willis Shaw's similarly-situated officers.[1] The depositions shall be scheduled for mutually convenient times and shall be completed by **May 1, 2006.**

---

[1]It does not appear from the docket sheet that any of these individuals have already been deposed.

-2-

3.      All discovery produced pursuant to this order shall be made subject to a protective order.  Counsel are given until and including **April 10, 2006** to file a stipulated protective order.  If counsel cannot reach an agreement, the parties (i.e., plaintiff, Comcar Industries, and Willis Shaw Express) shall file separate motions.

4.      Counsel for plaintiff, Comcar Industries, and Willis Shaw Express are requested to file a stipulated schedule setting deadlines for disclosure and deposition of expert witnesses, motions for summary judgment and motions in limine on the issue of punitive damages.  If counsel cannot reach an agreement by **April 10, 2006**, they shall contact chambers at 402-661-7340 to schedule a planning conference with the undersigned.

**DATED March 31, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**